# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

**UNITED STATES OF AMERICA,** )

**VS.** )        2:02-cr-204-JHH-RRA

**OTIS STEVEN GRAYSON.** )

## MEMORANDUM OF OPINION REGARDING ORDER DENYING MOTION TO REDUCE TERM OF IMPRISONMENT

The movant, acting pro se, filed the above-styled motion, commonly referred to as an 18 U.S.C. § 3582 motion (doc. #47), on January 31, 2008, requesting that this court modify or reduce his sentence pursuant to the retroactive crack cocaine amendment to the Sentencing Guidelines which became effective on November 1, 2007.[1]

In May 2007, the U. S. Sentencing Commission (U.S.S.C.) submitted a group of proposed amendments to the Sentencing Guidelines as they have done annually since 1987.  One of these amendments, # 706, represented the U.S.S.C.'s attempt to mitigate the sentencing disparity for defendants convicted of crack

---

[1] Movant also filed a separate motion (doc. #50) for appointment of an attorney.  Movant was represented by retained counsel in this case.  As this memorandum will set forth, the sentence movant received and that is challenged by that motion was the statutory minimum sentence.  No useful purpose can be served by appointing an attorney.  Accordingly, exercising its discretion, the court **DENIES** the motion (doc. #50) for appointment of an attorney.

cocaine offenses as opposed to powder cocaine offenses.  In the absence of congressional action to amend the 100:1 ratio found in the Title 21 statutes, the U.S.S.C. proposed a method to reduce the potential sentences by lowering the applicable guidelines for quantities of crack by two levels, thereby creating a ratio ranging from about 25:1 to about 80:1 within the Guidelines framework.

All of the proposed amendments, including the crack amendment, became effective on November 1, 2007.[2] Then in December 2007, following a period of public discussion, the U.S.S.C. decided to make the crack amendment retroactive. The effective date for retroactive application of the crack amendment became March 3, 2008.  The U.S.S.C. also amended Guideline § 1B1.10 to include the crack amendment (hereinafter referred to as "the amended policy statement").  As such, as of March 3, 2008, the crack amendment and amended policy statement apply to all relevant sentences, old and new. All of this was done pursuant to the U.S.S.C.'s authority found at 28 U.S.C. § 994(u) and 18 U.S.C. § 3582(c).

With that background, the court now turns to the current motion (doc. #47) of Otis Steven Grayson to modify his term of imprisonment under 18 U.S.C. § 3582(c)(2).  The motion seeks the benefit of the crack amendment and the amended policy statement.

---

[2]   At this point, the crack amendment had no retroactive application.

The focus of the § 3582(c)(2) motion is the 120 months sentence imposed upon movant under Count Two (possession with intent to distribute in excess of five grams of cocaine base). This defendant pled guilty to that charge and to Count Three charging knowingly carrying a firearm in relation to the Count Two drug crime under 18 U.S.C. § 924(c)(1)(A). At the time the defendant was sentenced, he was attributed with an offense involving 198.25 grams of crack cocaine.

The following chart sets forth the application of the crack amendment to the instant case taking into consideration the statutory minimum sentence of 120 months for Count Two and the statutory minimum consecutive sentence of 60 months under Count Three:

|  | **Original Sentence** | **Retroactive Sentence Adjustment** |
|---|---|---|
| **Total Offense Level** | 31 | 29 |
| **Criminal HistoryCategory** | I | I |
| **Imprisonment Range** | 120 - 135 months (+ 60 months consecutive under Count Three) | 120 months (+60 months consecutive under Count Three) |
| **Departure** | N/A |  |
| **Sentence Imposed** | 120 months (+ 60 months consecutive under Count Three) |  |
| **Projected Release Date** | 10/28/2015 |  |

Pursuant to U.S.S.G § 1B1.10 (b)[3], this court finds that the movant is not eligible for consideration for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). The movant was sentenced under Count One to the minimum mandatory penalty found at 21 U.S.C. § 841 (b)(1)(A). Since the Crack Amendment did not and could not have any effect on the statutory minimum sentence set by Congress, the movant is not entitled to consideration under the Crack Amendment.[4]

A separate order will be entered denying the motion for the reasons as set forth herein. Movant's attention is directed to the "Notice Concerning Appeals" set out below.

## NOTICE CONCERNING APPEALS

A § 3582(c)(2) motion is a continuation of the criminal proceeding; therefore, a notice of appeal must be filed within ten days from the entry of the judgment or order being appealed. *See*, *United States v. Fair*, 326 F.3d 1317,

---

[3] U.S.S.G § 1B1.10 (b)(2)(A)(effective March 3, 2008) reads as follows: <u>In General</u>.- Except as provided in subdivision (B), the court shall <u>not</u> reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c) and this policy statement <u>to a term that is less than the minimum of the amended guideline range</u> determined under subdivision (1) of this subsection. Emphasis added.

[4] Neither could the Crack Amendment have any effect on the separate consecutive sentence imposed under Count Three for the violation of 18 U.S.C. § 924(c).

1318 (11th Cir.2003); *United States v. Starks,* 2008 WL 351386 (11th Cir. 2008); *Fed. R. App. P.* 4(b)(1)(A)(i).  If movant was represented by appointed counsel at trial or on appeal, movant is not required to file a new application to proceed *in forma pauperis* on appeal from the ruling on the § 3582(c)(2) motion. If movant was represented by retained counsel at trial or on direct appeal but believes he is now unable to afford counsel, movant should file an application to proceed *in forma pauperis* (accompanied by a certified copy of prison account statements for the last six months) when he files notice of appeal from the ruling on the § 3582(c)(2) motion.  The Clerk is DIRECTED to provide movant with an application to proceed *in forma pauperis* form.

    **DONE** this the  29th   day of October, 2008.

                                                */s/ James H. Hancock*
                                           SENIOR UNITED STATES DISTRICT JUDGE